IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAN VONDRICH,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-199-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On December 5, 2018, Jan Vondrich, a state prisoner proceeding pro se, filed this action under 28 U.S.C. § 2254.[1]  Mr. Vondrich alleges his right to due process was violated during a disciplinary proceeding held at the Montana State Prison.  (Doc. 1 at 4, ⁋ 13(A)(i)).  For the reasons set forth below, Mr. Vondrich's petition should be denied.

## I.  Motion to Proceed in Forma Pauperis

Mr. Vondrich seeks leave of the Court to proceed in forma pauperis.  (Doc. 2.)  After reviewing Vondrich's motion and supporting account statement, Vondrich has sufficiently shown he cannot afford to pay all costs that may be

---

[1] Under the "prison mailbox rule" a pro se prisoner's court filing is deemed filed at the time the document is delivered to prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266 (1988); *see also*, Pet. (Doc. 1 at 8.)

associated with this action.  The motion to proceed in forma pauperis will be granted.

## II.    Background

Vondrich is currently serving a ten-year prison sentence for two counts of Burglary, imposed in Montana's Eleventh Judicial District, Flathead County, following May 2018 revocation proceedings.  (Doc. 1 at 2-3.)[2]  In denying Vondrich's state habeas petition, the Montana Supreme Court summarized the underlying proceedings as follows:

> Vondrich requests that this Court expunge his disciplinary file of the August 28, 2018 incident, contending that "MSP violated its own disciplinary policy…"  He argues that he was not told of the violation or allowed to challenge it.  Acknowledging that this Court will not interfere with the prison's day-to-day business, Vondrich urges the Court not to turn a "blind eye" to the Prison's "abuse of its incarcerated citizens."
>
> Vondrich's four supporting documents undercut his claims.  On August 28, 2018, a Staff Member at MSP issued a Disciplinary Infraction Report and Notice of Hearing for a major violation of "possession, introducing or using any narcotic, narcotic paraphernalia or illegal/unauthorized drug."  MSP's Shift Supervisor acknowledged the Report and Notice that same day and it was served on Vondrich, who acknowledged in writing that he had received it.  The Report contained notice of an August 31, 2018 hearing.  Vondrich was placed in pre-hearing confinement when he was deemed a security threat after further investigation revealed that he and his cellmate were introducing illegal drugs into MSP.
>
> Vondrich also includes with this Petition a copy of MSP's

---

[2] *See also*, Montana Offender Correctional Network, https://app.mt.gov/conweb/Offender/3009175 (accessed December 11, 2018).

Disciplinary Hearing Decision, imposing twenty days' detention. This Decision includes the handwritten findings: "Illegal drugs were found in offender's cell.  Offender began cursing at conclusion of hearing & instructed to calm down, he did not & was removed from hearing."  Vondrich later sought relief through an Offender/Staff Request (OSR) Form in which he apologized for his behavior during the August 31, 2018 hearing and wanted to have the chance to appeal. MSP's Staff response denied this request because no appeal is allowed "if you [were] removed from the hearing for any reason."  Besides the twenty days of detention imposed, Vondrich received a suspension of his visiting privileges until February 28, 2019.

MSP's policy concerning Institutional Discipline is clear.  See Department of Corrections (DOC) Policy 3.4.1.  A major infraction, such a Vondrich's, is defined in part as "violations of state or federal criminal law."  DOC Policy 3.4.1. II. Definitions.  A major infraction is recorded in the Disciplinary Infraction Report or DIR, as Vondrich provides, and a hearing is the means of resolution.  DOC Policy 3.4.1. III.A.1.c(2).  The Disciplinary Hearing Procedure is outlined in Part III of this policy.  Concerning an appeal, the Disciplinary Hearing Officer or "DHO will not offer the inmate an appeal under the following circumstances: … the inmate was removed prior to the conclusion of the hearing by the DHO due to behavioral problems during the hearing."  DOC Policy 3.4.1 III F.

*Vondrich v. Salmonsen*, OP 18-0579, Or. at 1-2 (Mont. Oct. 23, 2018).[3]

The Montana Supreme Court determined habeas corpus was not the proper vehicle for Vondrich to challenge the sufficiency of the cause of his incarceration. *Id*. at 2.  Upon further review of the claims, in conjunction with the DOC policies and documents provided by Vondrich, the Court determined Vondrich failed to demonstrate he was incarcerated illegally or that the MSP had violated its own

---

[3] All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed December 11, 2018).

policies surrounding Vondrich's August 2018 disciplinary procedures and denial of appeal therefrom. *Id*.

## III.   Claims

In the present matter, Vondrich challenges the actions of a purportedly biased and corrupt disciplinary staff member, who unlawfully "waived" Vondrich's right to challenge the disciplinary ruling in violation of Vondrich's right to due process. (Doc. 1 at 4, ¶ 13(A)(1)(i)). Vondrich believes his removal at the conclusion of his disciplinary hearing, based upon his use of curse words, and the subsequent denial of his right to appeal the result of the proceedings were unjustified. *Id*. Vondrich submits he was handcuffed and under monitoring, thus, he did not pose a threat of harm to anyone involved in the proceedings. *Id*. Vondrich claims he is innocent of the alleged violations and that the process is simply a means to segregate him without justification. *Id*.

## IV.   Analysis

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107, 119 (1982). It is well established that inmates subjected to prison disciplinary action are entitled to certain procedural protections under the Due Process Clause but are not entitled to the full panoply of rights afforded to criminal defendants. *Wolff v. McDonnell*, 418

U.S. 539, 556 (1974); *United States v. Segal*, 549 F. 2d 1293, 1296-99 (noting prison disciplinary proceedings command the least amount of due process along the prosecution continuum).

An inmate is entitled to advance written notice of the charge against him as well as a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken.  See *Wolff*, 418 U.S. at 563.  An inmate also has a right to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id*. at 566.  The decision rendered on a prison disciplinary charge must be supported by "some evidence" in the record.  *Superintendent v. Hill*, 472 U.S. 445 (1985).  While a finding of guilt on a prison disciplinary charge cannot be arbitrary or without support, the "some evidence" standard is "minimally stringent" and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder.  *Id*. at 455-56; see also, *Powell v. Gomez*, 33 F. 3d 39, 40 (9th Cir. 1994).

Vondrich was provided with a "Disciplinary Infraction Report/Notice of Hearing."  (Doc. 1-1 at 3.)  Apparently, it was believed that Vondrich and another inmate were introducing illegal drugs into the prison.  *Id*.  Vondrich was advised of the hearing date and of his right to present evidence and witnesses on his own behalf.  *Id*.

At the hearing, Vondrich maintained his innocence, but provided no additional evidence. *Id*. at 2. The infraction report and incident report were introduced into evidence, both apparently indicated illegal drugs were found in Vondrich's cell. *Id*. Vondrich was ultimately found guilty of possession of narcotics, but was removed from the hearing prior to its conclusion due to his behavior. *Id*.

Based upon a review of Vondrich's petition and supporting documents, it appears that he was afforded all the process that was due to him under the Constitution in the context of his prison disciplinary proceeding. Accordingly, to the extent he alleges a federal due process violation, he is not entitled to habeas relief.

Additionally, federal habeas corpus relief "does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984)("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). A federal writ is not available for alleged error in the application of state law. Neither this Court nor the United States Supreme Court may question the Montana Supreme Court's interpretation of Montana law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

6

Thus, the purported denial of Vondrich's right to an administrative appeal also fails to state a cognizable habeas claim because it alleges an error in the application of prison regulations. Habeas corpus cannot be utilized in federal court to try state issues de novo. "A mere error of state law…is not a denial of due process." *Milton v. Wainwright*, 407 U.S. 371, 377 (1972). Further, a habeas petitioner may not "transform a state-law issue into a federal one" merely by asserting a due process violation. *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996). A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States constitution or federal law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Vondrich's claim is simply not cognizable in a federal habeas proceeding.

## V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

7

(2000)).

The claim Vondrich attempts to advance does not make a substantial showing that he was deprived of a constitutional right.  A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

## ORDER

Vondrich's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1.  Vondrich's Petition (Doc. 2) should be DENIED because the claim is not cognizable in federal habeas.

2.  The Clerk of Court should be directed to enter judgment in favor of the Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Vondrich may object to this Findings and Recommendation within 14

days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

novo determination by the district judge and/or waive the right to appeal.

 <u>Mr. Vondrich must immediately notify the Court of any change in his mailing</u>

<u>address.</u>  Failure to do so may result in dismissal of his case without notice to him.

 DATED this 19th day of December, 2018.


       */s/ Jeremiah C. Lynch*
       Jeremiah C. Lynch
       United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Vondrich is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.